## RUSHMORE v. SAXON.

### (Circuit Court, S. D. New York. February 2, 1907.)

TRADE-MARKS AND TRADE-NAMES—SUIT FOR UNFAIR COMPETITION—PRELIMINARY INJUNCTION.

The right of a complainant to a preliminary injunction and its scope considered in a suit for unfair competition in imitating a lamp made by complainant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 108.

Unfair competition, see note to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. On motion for preliminary injunction.

Alfred Wilkinson, for the motion.
Grafton L. McGill, opposed.

LACOMBE, Circuit Judge. All question as to the use of the words "flare front" should be postponed till final hearing. The words are so plainly descriptive that it will require a fuller presentment of the facts than is possible by affidavits to enable the court to determine whether they have acquired a secondary meaning. As to the outer shell of the lamps, by which apparently prospective purchasers are largely guided in making selection, the resemblances are very close. The necessities of construction no doubt are responsible for many of these, but there are indications that defendant has in some instances copied complainant's structure solely to secure identity of appearance. It is asserted that such is the case with some of his rivet heads and screws; it being alleged that they perform no function because defendant uses brass of so light a weight that rivets would not hold it together, and that his parts are really held together by solder. These assertions, however, are in the brief not in the affidavits. Presumably, if they were formally charged, they would be controverted. Whether the shape of ventilators and location of parts have been selected because of some necessity or because of a desire to imitate complainant's structure is a matter which it would be very difficult to decide upon affidavits. The case is one in which a rigid cross-examination would seem to be essential before the statements of an affiant either way could be accepted. The questions raised are such as can best be disposed of at final hearing.

The limit of relief to which on these papers complainant is now entitled would seem to be a requirement that defendant shall enlarge his name plate or inscription, so that the fact that these are "Saxon" lamps may be much more prominently advertised than it is now. Care should be taken, however, in thus enlarging the inscription not to imitate the style of lettering or spacing already in use on complainant's lamps. The case is one, moreover, in which complainant is entitled to a speedy hearing, and, if application is made promptly upon joinder of issue, the time for taking proofs will be apportioned within the three months' limit.